# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALPHA DIABY,      :
     :
        Plaintiff,      :
     v.      :      C.A. No.:  K22C-06-043 RLG
     :
APRIL N. BAILEY, TBD      :      Trial by Jury of Twelve Demanded
STANDARD, LLC AS PERSONAL      :
REPRESENTATIVE OF THE      :
ESTATE OF DONALD BODICK,      :
and AUGUSTUS GOGOE      :
     :
        Defendants.      :

---

TBD STANDARD, LLC AS      :
PERSONAL REPRESENTATIVE      :
OF THE ESTATE OF DONALD      :
BODICK, and KAREN H. BODICK,    :
        Plaintiffs,      :      C.A. No.:  K22C-11-017 RLG
     v.      :
APRIL N. BAILEY,      :      **CONSOLIDATED MATTERS**
        Defendant/      :
        Third Party Plaintiff,      :
     v.      :
TBD STANDARD, LLC AS      :
PERSONAL REPRESENTATIVE      :
OF THE ESTATE OF DONALD      :
BODICK, and AUGUSTUS GOGOE,    :
        Third Party Defendants.      :

---

AUGUSTUS GOGOE and      :
GRANDA BROWN,      :
        Plaintiffs,      :      C.A. No.:  K23C-01-035 RLG
     v.      :
APRIL N. BAILEY,      :
        Defendant/      :
        Third Party Plaintiff,      :

```
          v.                      :
TBD STANDARD, LLC AS             :
PERSONAL REPRESENTATIVE          :
OF THE ESTATE OF DONALD          :
BODICK, and AUGUSTUS GOGOE,:
          Third Party Defendants.  :
```

---

```
JOSEPH MUKAKU,                   :
          Plaintiff,             :      C.A. No.:  K23C-02-003 RLG
          v.                     :
APRIL N. BAILEY,                 :      CONSOLIDATED MATTERS
          Defendant/             :
          Third Party Plaintiff, :
          v.                     :
TBD STANDARD, LLC AS             :
PERSONAL REPRESENTATIVE          :
OF THE ESTATE OF DONALD          :
BODICK, and AUGUSTUS GOGOE,:
          Third Party Defendants.  :
```

## ORDER

Submitted:  February 20, 2026
Decided:  March 9, 2026

***Upon Defendant TBD Standard, LLC's, as personal representative of the
Estate of Donald Bodick, Application for Certification of Interlocutory Appeal
DENIED***

This 9th day of March, 2026, upon consideration of Defendant TBD Standard,

LLC's, as personal representative of the Estate of Donald Bodick (hereinafter, "TBD

Standard"), application[1] under Rule 42 of the Supreme Court for an order certifying an

---

[1] Defendant TBD Standard, LLC, as personal representative of the Estate of Donald J. Bodick, timely filed its application for certification of interlocutory appeal on February 13, 2026. See TBD Standard's Appl. (D.I. 123).  (Unless otherwise specified, all citations to the docket reference C.A. No. K23C-02-003 RLG).

appeal from two interlocutory orders of this Court dated February 6, 2026, it appears to the Court that:

**Factual & Procedural Background**

**(1)** This matter involves a three-vehicle collision that occurred on July 10, 2021 on Route 1 near Milford, Delaware in Kent County. The three vehicles involved in the accident were operated by Donald J. Bodick ("Bodick"), April N. Bailey ("Bailey"), and Augustus Gogoe ("Gogoe"). Karen Bodick, Bodick's wife, was a passenger in his vehicle. Alpha Diaby and Joseph Mukaku were passengers in the Gogoe vehicle. This accident resulted in four separate lawsuits being filed in this Court.[2] All four lawsuits commenced prior to the expiration of the July 10, 2023 statute of limitations.

**(2)** A police report was generated in connection with the motor vehicle accident.[3] It detailed the vehicles and any property damage they sustained; named the parties; and outlined the parties' personal information. It also contained a narrative portion, based upon statements provided by the drivers involved in the accident. This narrative portion strongly suggested that Bailey was the party responsible for causing the accident.

---

[2] The cases were consolidated by stipulation on June 23, 2023 (D.I. 26).

[3] Mot. for Reconsideration, Ex. A (D.I. 68).

**(3)**     Plaintiff Diaby filed suit first on June 28, 2022, naming all three drivers involved in the accident as defendants.[4]  The second lawsuit filed was by the Bodicks on November 11, 2022 against Bailey.[5]  Bailey answered that Complaint on February 17, 2023, including a Crossclaim and Third-Party Complaint against Bodick.[6]  The next lawsuit filed was on January 27, 2023 by Gogoe and Granda Brown.[7]  A few days later, on February 2, 2023, Plaintiff Mukaku filed suit against Bailey.[8]  Bailey answered both the Gogoe and Mukaku Complaints, and included Third-Party Complaints against Bodick.[9]

**(4)**     Discovery commenced.  On November 28 and 29, 2023, depositions were conducted of all parties directly involved in the collision, including Bodick.[10]  Although accounts varied, the general consensus after depositions remained that Bailey was responsible for causing the accident.[11]  On September 23, 2024, well

---

[4] Compl., (D.I. 1).

[5] Compl., (K22C-11-017 RLG, D.I. 1).

[6] Ans., (K22C-11-017 RLG, D.I. 15).

[7] Compl., (K23C-01-035 RLG, D.I. 1); Gogoe's spouse is Granda Brown.  She was not directly involved in the motor vehicle accident, but filed suit for loss of consortium.

[8] Compl., (K23C-02-003 RLG, D.I. 1).

[9] Ans., (K23C-01-035 RLG, D.I. 11) (Mar. 20, 2023); Ans., (K23C-02-003 RLG, D.I. 11) (Apr. 4, 2023).

[10] See D.I. 31 and 32; Brian Reid Sr. was listed as the owner of the Bailey vehicle in the police report. He was deposed in this matter on November 29, 2023.  He was initially named as a defendant, but was dismissed from the litigation after depositions.

[11] Mot. to Amend the Compl., (D.I. 52).

after the expiration of the statute of limitations and into discovery, a video of the accident was unearthed.[12] This video depicted the entirety of the accident – and contained footage contradicting the narrative portion of the police report as well as the deposition testimony. Most specifically, the video footage belied Bodick's statements to police and in his deposition about how the accident occurred – and his potential liability.

**(5)** Based upon this video footage, on October 15, 2024, Plaintiffs Gogoe, Brown, and Mukaku moved to amend their complaints to include direct claims against Bodick.[13] A Commissioner of this Court heard Plaintiffs Gogoe, Brown, and Mukaku's Motion to Amend [their] Complaint[s] on November 7, 2024.[14] On that same date, after a hearing and argument, the Commissioner granted their request. She signed an Order to that effect on the same date.[15]

**(6)** On November 15, 2024, Bodick filed a Motion for Reconsideration of the Commissioner's Order ("Motion for Reconsideration").[16] On January 13, 2025, Bailey filed a Motion to Intervene To Bring A Direct Action As A Plaintiff

---

[12] See D.I. 52; The video footage was apparently captured by a business located just south of the accident location. How and when the video footage was discovered remains unclear.

[13] Id.

[14] D.I. 63.

[15] D.I. 64.

[16] D.I. 68.

("Motion to Intervene").[17]  While the Motions for Reconsideration and to Intervene were pending, one of Bodick's counsel[18] notified the Court that Bodick passed away on December 24, 2024 at his home in Connecticut.[19]  The Court was asked to delay ruling on the pending motions until the appropriate substitution and filing could be accomplished.[20]

(7)  After some delay based upon substitution of Bodick's estate as a party and scheduling conflicts, the Court heard the Motions to Reconsider and Intervene on February 6, 2026.  At the February 6th hearing, in addition to hearing legal argument, this Court allowed the video footage of the accident to be played. Although disagreement existed as to its application, the parties agreed that the pending motions centered around Superior Court Civil Rule 15(c)(3) ("Rule 15(c)") – whether Mukaku, Gogoe, Brown, and Bailey's application to amend their complaints and/or bring new claims related back to the filing of their original complaints.

(8)  In order for an amended pleading to "relate back" to the original complaint, Delaware law requires a party to satisfy three elements of Rule 15(c) before a

---

[17] D.I. 72.

[18] Bodick is represented as a Defendant by Arthur D. Kuhl, Esquire. Bodick is represented by Joseph Rhoades, Esquire as a Plaintiff.

[19] D.I. 73.

[20] Id.

6

complaint can be amended after the statute of limitations for the underlying action has expired. They are:

(A)    that "the claim [ ] in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;"

(B)    that the party to be added or brought in by amendment "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits;" and

(C)    that, within the period provided by the rules, the party to be brought in by amendment "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be added."[21]

(9)    Bodick, now TBD Standard, argued that various parties had been permitted to bring expired claims that did not relate back under the permission granted by Rule 15(c). While TBD Standard was unwilling to concede that any element required for amendment had been satisfied, mistake constituted the lynchpin around which disagreement centered. Whether or not conceded, the Court found that no uncertainty existed that the proposed amendments related back to the July 10, 2021 motor vehicle accident, and that Bodick was on notice of litigation

---

[21] Sup. Ct. Civ. R. 15(c)(3).

surrounding that motor vehicle accident. TBD Standard's position focused on the lack of mistake as to the identity of Bodick and the amending parties' failure to bring their claims prior to the expiration of the statute of limitations.

**(10)** Mukaku, Brown, Gogoe, and Bailey countered that, while there was not traditional mistake as to Bodick's identity, they believed mistake was satisfied under this Court's Lovett guidance.[22] Specifically, the Lovett court found that, when a plaintiff is affirmatively misled by a party, the mistake element of Rule 15(c) was satisfied.[23] The amending parties also highlighted that, if they were prevented from the requested amendments and intervention, Bodick/TBD Standard would escape potential liability based upon his own misrepresentation throughout the litigation.

**(11)** This Court denied the Motion to Reconsider and granted the Motion to Intervene. The Court's decisions focused on application of Lovett, and moving already protracted litigation forward. These rulings found that there was no misapplication of the law by the Commissioner – and that manifest injustice would result should the Court come to a contrary conclusion.

---

[22] Lovett v. Pietlock, 2011 WL 149349 (Del. Super. 2011).

[23] Id. at *3.

8

## **Standard of Review**

**(12)** Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[24] Accordingly, the Court considers TBD Standard's application under Rule 42's rigorous standards.[25]

**(13)** Under Rule 42, when faced with a litigant's request for certification of an interlocutory appeal, this Court must: (a) determine that the order to be certified for appeal "decides a substantial issues of material importance that merits appellate review before a final judgment;"[26] (b) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[27] (c) consider the

---

[24] DiSabatino Bros., Inc. v. Wortman, 453 A.2nd 102, 103 (Del. 1982).

[25] TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P., 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing DONALD J. WOLFE, JR. & MICHAEL A. PITTENGER, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")); JB and Margaret Blaugrand Foundation v. Guggenheim Funds and Investment Advisors, LLC, 2023 WL 2562933, at *3 (Del. Ch. Mar. 17, 2023) ("[A] Rule 42 application cannot be certified unless it clears two 'rigorous' hurdles.").

[26] Del. Supr. Ct. R 42(b)(i).

[27] See Del. Supr. Ct. R. 42(b)(iii). Those factors are:
    (A) The interlocutory order involves a question of law resolved for the first time in this State;
    (B) The decisions of the trial courts are conflicting upon the question of law;
    (C) The question of law relates to the constitutionality, construction, or application of a statute of this state, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may determine the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
    (F) The interlocutory order was vacated or opened a judgment of the trial court;
    (G) Review of the interlocutory order may terminate the litigation; or

Court's own assessment of the most efficient and just schedule to resolve the case; and then, (d) identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[28] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[29] Applications for certification of an interlocutory appeal require the exercise of the trial court's discretion, and are granted only in extraordinary or exceptional circumstances.[30]

**(14)** The first consideration – whether the order seeking certification decides a substantial issue of material importance that merits appellate review before a final judgment – is a threshold finding without which certification is inappropriate.[31] A substantial issue is usually understood as one that "decides a main question of law which relates to the merits of the case, and not to collateral

---

(H) Review of the interlocutory order may serve considerations of justice.

[28] Del. Supr. Ct. R. 42(b). Those "probable costs" are informed, in part, by Rule 42(b)(ii), i.e., interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R 42(b)(ii).

[29] Del. Supr. Ct. R. 42(b).

[30] In re Pure Res., Inc. S'holders Litig., 2002 WL 31357847, at *1 (Del. Ch. Oct. 9, 2002); Mercury Pr's Mgmt., LLC v. Valo Health, Inc., 2024 WL 413784, at *3 (Del. Ch. Feb. 5, 2024), appeal refused, 2024 WL 1260957 (Del. Mar. 26, 2024) ("Applications for an interlocutory review are addressed to the sound discretion of th[e] Court and are accepted only in extraordinary circumstances.").

[31] Traditions, L.P. v. Harmon, 2020 WL 1646784, at *1 (Del. Apr. 2, 2020); Invictus Special Situations Master I, L.P. v. Invictus Glob. Mgmt., LLC, 2024 WL 5097929, at *3 (Del. Ch. Dec. 12, 2024).

matters."[32]  Put another way, the Court's determination must decide a legal right, "meaning an issue essential to the positions of the parties regarding the merits of the case.

**Appellate Review Not Warranted**

**(15)**   Appellate review is not warranted at this time, as this Court's February 6th Orders were not decisions addressing the case's merits.   Plainly, this motor vehicle accident litigation will proceed to a trial in which a jury will be asked to decide issues of causation, injury, and damages. That path forward remains, regardless of whether this Court certifies this interlocutory appeal.   TBD Standard's argument that the February 6th Orders nonetheless decided issues of material importance is unconvincing.

**(16)**   TBD Standard frames the pivotal issue as "whether a complaint can relate back against a known party due to later[-]discovered evidence."[33]   TBD Standard, echoing language utilized by this Court, asserts this issue as one of first impression supporting certification.  That categorization – by both this Court and TBD Standard – misses the mark.  While the Supreme Court of Delaware has not decided this issue, other Delaware courts have.  This Court, specifically, in

---

[32] Sprint Nextel Corp. v. iPCS, Inc., 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008); Invictus, 2024 WL 5097929, at *3 (Del. Ch. Dec. 12, 2024) ("As commonly articulated, the substantial issue requirement is met when a decision speaks to the merits of the case.")

[33] TBD Standard's Appl., (D.I. 123).

11

<u>Lovett v. Pietlock</u>, held that mistake is satisfied when a party is affirmatively misled.[34] Moreover, TBD Standard's linguistic stylization of the issue as "later-discovered" evidence skirts around the proper analytical lens necessary here: whether mistake under Superior Court Civil Rule 15(c)(3)(B) is satisfied when an existing party *engages in misrepresentation* that influences how litigation is commenced – *which is then contradicted* by subsequently-discovered evidence – and then challenges relation back to prevent the entirety of the case being decided on its merits.

**(17)** This Court's February 6th rulings followed <u>Lovett's</u> guidance, and further found that to rule otherwise would result in manifest injustice. In a few short months, this litigation will be four years old for the oldest-filing plaintiff. The delay and cost associated with an interlocutory appeal will be substantial and disruptive to this case. That additional cost and delay is neither reasonable nor targeted to move the matter forward – and TBD Standard will remain in this litigation as a Plaintiff, Defendant, and Third-Party Defendant regardless of the appeal's outcome.

---

[34] 2011 WL 149349, at *3 (Del. Super. Jan. 5, 2011).

**(18)** Additionally, specific consideration of the factors set forth in Rule 42(b)(iii) weigh against certification:

    (A)    The February 6th Orders do not involve a question of law resolved for the first time in this State.[35]

    (B)    There are no conflicting trial court opinions about the questions of law addressed by the February 6th Orders.[36]

    (C)    The questions of law addressed by the February 6th Orders do not relate to the constitutionality of a statute of this State.[37]

    (D)    The February 6th Orders do sustain a controverted jurisdiction of the Court, as they concern claims being brought after the expiration of the statute of limitations.[38]

    (E)    The February 6th Orders did not set aside a prior decision of a trial court, jury, or administrative agency.[39]

    (F)    The February 6th Orders do not vacate or open a prior judgment of the trial court.[40]

---

[35] Del. Supr. Ct. R. 42(b)(iii)(A).

[36] Del. Supr. Ct. R. 42(b)(iii)(B).

[37] Del. Supr. Ct. R. 42(b)(iii)(C).

[38] Del. Supr. Ct. R. 42(b)(iii)(D).

[39] Del. Supr. Ct. R. 42(b)(iii)(E).

[40] Del. Supr. Ct. R. 42(b)(iii)(F).

(G)     Review of the February 6th Orders by the Delaware Supreme Court will not terminate the litigation.[41]   Rather, interlocutory review would further complicate this litigation, prolonging a nearly four-year-old case.

(H)     This Court does not find that the likely benefits of interlocutory review will outweigh the probable costs.[42]

**THEREFORE**, upon consideration of the criteria set forth in Rule 42, this Court finds there are no exceptional circumstances warranting interlocutory review.[43] Review of this Court's February 6th rulings will not terminate the litigation, substantially reduce further litigation, or otherwise serve the interests of justice.[44]  To the contrary, interlocutory appeal of this Court's rulings would materially increase the cost and burden of litigation.  As mentioned above, considerable delay has been baked into this litigation already.  Interlocutory review would potentially reward a party's misrepresentation during litigation – and prevent all parties from having their claims heard and resolved on the merits.

---

[41] Del. Supr. Ct. R. 42(b)(iii)(G).

[42] Del. Supr. Ct. R. 42(b)(iii)(H).

[43] Del. Supr. Ct. R. 42(b)(ii). See also Harrison v. Div. of Youth & Fam. Servs., 2003 WL 22669344, at *1 (Del. Nov. 10, 2003) ("Applications for interlocutory review are addressed to the sound discretion of this Court[,] and are granted only in extraordinary cases.")

[44] Del. Supr. Ct. R. 42(b)(iii).

Accordingly, TBD Standard's Application for Certification of Interlocutory Appeal is **DENIED**.

**IT IS SO ORDERED**.

_____
Reneta L. Green-Streett, Judge